UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CINDY MYSLOW and MATTHEW MYSLOW, ON THEIR OWN BEHALF AND AS GUARDIANS OF TRAVIS MYSLOW : Plaintiffs, v. RAYMOND AVERY, ET AL., Defendant. | CIVIL ACTION NO. 3:02-cv-1957 (JCH) DECEMBER 30, 2003 |

**RULING ON PLAINTIFFS' MOTION TO RECONSIDER RULING ON DEFENDANTS' MOTION TO DISMISS [DKT. NO. 29]**

Plaintiffs Cindy and Matthew Myslow, the parents of a minor child, Travis, brought this action for attorney's fees against the defendants, Raymond Avery, JeanAnn Paddyfote, Thomas Mulvihill, and the New Milford Board of Education, pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, et seq.  Plaintiffs alleged that, because they prevailed at an administrative due process hearing resolving issues associated with Travis' educational needs, they were entitled to attorney's fees incurred in connection with subsequent Planning and Placement Team ("PPT") meetings.  The defendants moved for dismissal of the claims against them under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), claiming that the doctrine of res judicata bars this action because the plaintiffs' attorney's fees were the subject of an earlier-filed action, Myslow v. Avery, 3:02-CV-4 (PCD).  The court granted their motion.

Plaintiffs now move the court to reconsider its ruling.  For the following reasons, the

-1-

motion for reconsideration is granted, but the court adheres to its previous holding.

## I. BACKGROUND

### A. The Individuals with Disabilities Education Act

The IDEA provides for "detailed administrative procedures to guarantee disabled children an appropriate education." J.C. v. Regional School District 10, Bd. of Educ., 278 F.3d 119, 121 (2d Cir. 2002). The Act requires school districts to create an individualized education program ("IEP") for each child, typically prepared by an IEP team, consisting of "parents, teachers, and educational specialists who meet and confer in a relatively informal, collaborative process to determine how best to accommodate the needs of the disabled student." Id. (citing 20 U.S.C. § 1414(d)(1)(B)). A parent who is not satisfied with the IEP may present a complaint to the school. If the complaint is not resolved to his or her satisfaction, the parent may then request an impartial due process hearing. 20 U.S.C. § 1415 (b)(6), (f)(1). Any party aggrieved by the hearing officer's decision may bring a civil action in United States district court. 20 U.S.C. § 1415(I)(2)(A).

### B. Factual Background[1]

Travis is a student with learning disabilities, specifically dyslexia and dysgraphia, who is eligible for special education and related services pursuant to the IDEA. To resolve a dispute between the Myslows and the Board over an appropriate educational plan for

---

[1] For the purposes of this motion to reconsider its ruling on the defendants' motion to dismiss, the court accepts as true all facts alleged in the plaintiffs' complaint.

Travis, a due process hearing was conducted. On November 20, 2001, the State of Connecticut hearing officer issued a final decision in Travis' case. The officer determined that the educational program offered by the Board for the 2000-2001 school year was not appropriate, ordered the Board to pay for homebound instruction for Travis until an adequate individual education program could be developed, and made various findings with respect to Travis' need for a psychiatric evaluation.

Following the hearing officer's decision, the plaintiffs filed on January 2, 2002, an action in United States District Court for attorney's fees under the IDEA. <u>Myslow v. Avery</u>, 3:02-CV-4 (PCD)("PCD Action"). In that action, plaintiffs sought payment of fees incurred in connection with the due process hearing. Their original complaint requested "reasonable attorneys' fees of $13,985, in addition to the attorneys' fees and costs for the representation provided in this action, as well as $1,480 for reimbursement for the evaluation provided by Dr. Thies per the hearing officer's order." Compl. at 7 [PCD Action, Dkt. No. 1].

The plaintiffs filed an amended complaint on January 25, 2002 ("January 25th complaint"). [PCD Action, Dkt. No. 9]. In the January 25th complaint, plaintiffs alleged that "[a]t least one, and possibly more, PPT meetings are necessary in order to implement the hearing officer's final decision." January 25th Compl. at ¶ 30. In their prayer for relief, the plaintiffs requested, "reasonable attorneys' fees . . . for the kind and quality of services furnished in legal representation by Deborah G. Stevenson from May 25, 2002 through

January 23, 2002, in addition to the attorneys' fees and costs for the representation provided in this action *and for representation in furtherance of obtaining relief from the New Milford Board of Education pursuant to the hearing officer's Final Decision and Order.*" Id. at 10 (emphasis added).

On January 28, 2002, pursuant to Rule 68 of Federal Rules of Civil Procedure, the Board gave notice for an Offer of Judgment in the amount of $10,000. Notice of Defs.' Offer of J. [PCD Action, Dkt. No. 14]; Mem. In Supp. of Pls.' Mot. For Recons. [Dkt. No. 30] at 4. On February 3, 2002, the plaintiffs requested further details regarding the Offer of Judgment. Id.

On February 6, the plaintiffs filed a Second Amended Complaint ("February 6th Complaint"), which bears a typed date of February 4. [PCD Action, Dkt. No. 10]. The February 6th complaint was substantially identical to the January complaint, but removed the old paragraph 30, which had outlined the need for additional PPT meetings, and altered the prayer for relief to refer only to "reasonable attorneys' fees . . . for the kind and quality of services furnished in legal representation by Deborah G. Stevenson from May 25, 2002 through January 23, 2002, in addition to the attorneys' fees and costs for the representation provided in this action." February 6th Compl. at 10 [PCD Action, Dkt. No. 10].

Plaintiffs accepted the Offer of Judgment on February 6, 2002. [PCD Action, Dkt. No. 16]; Pls.' Mem. at 4. When the defendants received notice of the acceptance, they informed plaintiffs that it was subject to their agreement to sign a release acceptable to the

Board. Id. On February 7, the plaintiffs informed the defendants that they would not sign such a release, because the release had not been a stated condition of the Offer of Judgment. Id.

On February 11, 2002, the defendants gave notice of an Offer and gave notice of this new Offer to the court. [PCD Action, Dkt. No. 11]. The defendants filed the Offer of Judgment, in the amount of $10,000, "in exchange for a release acceptable" to the Board, and dated February 11, with the court on February 12, 2002. [PCD Action, Dkt. No. 12]. The plaintiffs filed their acceptance of the original Offer with the court on February 15, having mailed it to the defendants on February 6, 2002. [PCD Action, Dkt. No. 16]. The plaintiffs asked the court to enter judgment on the first Offer on February 15, 2002. [PCD Action, Dkt. No. 13]. The defendants clarified the terms of their proposed release on February 21, 2002. Pls.' Mem. at 4. The court granted the plaintiffs' motion to enter judgment on February 26, 2002. [PCD Action, Dkt. No. 19]. The court's Order did not specify which Offer was accepted and did not mention the proposed release. Id.

In the months following the hearing officer's determination, plaintiffs attended numerous PPT meetings. Meetings were held, inter alia, to select an independent consultant to determine whether Travis needed a psychiatric evaluation, to review diagnostic placement and behavior plans, and to discuss Travis' placement in a private school. This action sought attorney's fees incurred in connection with those meetings.

## II.   DISCUSSION

The standard for granting a motion for reconsideration is strict. Kincade v. Snow, 2003 WL 22735064 at *1 (D.Conn. Nov. 10, 2003).  Reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995).

On their motion, the plaintiffs draw the court's attention to the February 6th Amended Complaint, which the court did not consider in its original order granting the defendants' motion to dismiss.  However, even though that complaint omits the two phrases including prospective fees in the relief sought, the court finds that the January 28 Offer of Judgment accepted by the plaintiffs on February 6 was made in response to the January 25, 2002 complaint, which did include prospective fees.  Thus the relief requested by plaintiffs in this suit was indeed included in the Offer of Judgment for $10,000, which they accepted in the prior action.

In general, an offer of judgment under Rule 68 and subsequent acceptance under Rule 68 is analyzed under the ordinary rules of contract construction. See Goodheart Clothing Co. v. Laura Goodman Enterprises, 962 F.2d 268, 273 (2d Cir. 1992).  There are a few modifications:  for instance, the Rule 68 "offer, once made, is non-negotiable; it is either accepted, in which case it is automatically entered by the clerk of court, or rejected

. . . ." Nusom v. Comh Woodburn, Inc., 122 F.3d 830, 835 (9th Cir. 1997). Additionally, because "[t]he plain purpose of Rule 68 is to encourage settlement and avoid litigation," Marek v. Chesney, 473 U.S. 1, 8 (1985), courts have held that for an offer of judgment to be valid, it must encompass the whole of the plaintiff's action, not simply offer judgment for select claims with the expectation that others would remain pending. See Whitcher v. Town of Matthews, 136 F.R.D. 582, 585 (W.D.N.C. 1991). A valid offer includes damages and costs. Marek, 473 U.S. at 8; Scheriff v. Beck, 452 F. Supp. 1254, 1260-61 (D. Colo. 1978).

The dispute here focuses on whether the "damages" included in the Offer included attorney's fees that would be incurred with completing the implementation of the hearing officer's final decision. The court concludes that it did. The Offer was made when the January 25th complaint was still pending, and necessarily encompassed all the claims in that complaint, including the plaintiffs' prayer for relief for "representation in furtherance of obtaining relief from the New Milford Board of Education pursuant to the hearing officer's Final Decision and Order." January 25th Compl. at 10. See Whitcher, 136 F.R.D. at 585. Defendants are allowed to "make lump-sum offers that would, if accepted, represent their total liability." Marek, 473 U.S. at 8. The Offer, once made, was irrevocable. See Nusom, 122 F.3d at 835.

Nor was it modified after the February 6th Complaint and before the plaintiffs' acceptance. Indeed, the plaintiffs claim that they accepted the Offer of Judgment on the

same day that they filed their amended complaint, which the court accepts as true for the purposes of this motion. See Pls.' Mem. at 4.[2] Even if the February 6th Complaint became effective, as best it would constitute a counter-offer, which does not terminate the plaintiff's ability to accept the original, irrevocable Offer. See Pope v. Lil Abner's Corp., 92 F. Supp. 2d 1327, 1328 (S.D.Fla. 2000) (citing Restatement (Second) of Contracts § 37).

The defendants' second Offer of Judgment and their attempt to obtain a waiver occurred several days after the plaintiffs' purported acceptance of the initial January 28 offer; and several days after the filing of the February 6th complaint. The plaintiffs opted not to accept this Offer, which presumptively responded to the amended February 6th complaint's elimination of future fees language by specifically releasing "all demands whatsoever . . . in connection with Travis Myslow's entitlement to appropriate educational programming and related services and any claim for attorney's fees, costs, disbursements and the like the parents had or may have . . . through and including the 2001-2002 school year." Defs.' Offer of J., February 11, 2002 [PCD Action, Dkt. No. 12]. Instead, the plaintiffs asked the court to enter judgment based on the earlier January 28 Offer, which responded to the broader claims of the January 25th complaint.

---

[2] Plaintiff's Second Amended Complaint was dated February 4, but file-stamped February 6, 2002, 2:07 PM. So, though plaintiffs' recitation of dates in their memorandum creates the impression that the February 6th Complaint had been in effect for two days when the plaintiffs accepted the Offer, in fact the filing of the complaint and acceptance of the Rule 68 Offer occurred in some unspecified order on the same day, February 6. Since the Second Amended Complaint was sent, according to the certificate of service, to the defendants by "direct mail," it is further likely that the defendants did not even have notice of the new complaint until the date of filing.

The plaintiffs could not unilaterally alter the terms of the Offer by filing an amended complaint simultaneously with their acceptance of the Offer, nor can they now avoid the effects of their decision to choose the January 28th Offer over the February 11th one. Their acceptance on February 6 was of an offer to enter judgment on the complaint pending at the time of the offer. Because "a dismissal, with prejudice, arising out of a settlement agreement operates as a final judgment for res judicata purposes," Marvel Characters, Inc. v. Simon, 310 F.3d 280, 286-87 (2d Cir. 2002), and for the reasons stated in this court's June 10, 2003 opinion, the plaintiffs' acceptance of the Board's Offer of Judgment in the prior action has a preclusive effect. The plaintiffs cannot recover the same fees twice.

## III.  CONCLUSION

For the reasons set forth above, plaintiffs' Motion for Reconsideration is GRANTED, and the court's June 10th Ruling on Defendants' Motion to Dismiss [Dkt. No. 26] is AFFIRMED.

**SO ORDERED**

Dated at Bridgeport, Connecticut this 30th day of December, 2003.

/s/ Janet C. Hall  
Janet C. Hall  
United States District Judge